IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| ROBERT A. GOUCHER, JR., | : | BANKRUPTCY NO.: 5-05-bk-57807 |
| MARY JANE GOUCHER, | : | {**Nature of Proceeding**: Debtors' Motion |
| | : | for Provision of Exempt and Non-Estate |
| DEBTORS | : | Property (#68) and Debtors' Objection to |
| | : | Trustee's Proposed Distribution (#78)} |

# OPINION

The Debtors have filed what they titled as "Debtors' Motion for Provision of Exempt and Non-Estate Property" as well as "Debtors' Objection to Trustee's Proposed Distribution" contained in his Final Report. This came up for hearing on April 19, 2007. The Debtors raise two issues with regards to the Chapter 7 Trustee's Final Report. Those issues are summarized as follows:

1. When the Trustee liquidated the Debtors' real estate, he had no right to administer the Debtors' tax escrow account, which account had a positive balance after payment of taxes and was accrued post-petition from post-petition payments to the mortgagee.

2. Schedule C of the Debtors' exemption referring to "See Schd. 'B(1),&(2)'/Any property selected by debtor," allows the Debtors the flexibility to choose any property scheduled without being limited to schedule B(1) and (2) or the amount then claimed, $240. The Debtors want to claim their § 552(d)(5) "wild card" exemption in the proceeds of the real estate for an additional $1710.[1]

---

[1] Each debtor is entitled to a $975 exemption under § 522(d)(5) plus a spillover from the unused residential exemption, which, in this case, was fully utilized. From the $1950 total exemption, $240 has been used to exempt the bank accounts.

[m:\users\cathy\opinions\5-05-bk-57807_Goucher.wpd]

The first issue has been resolved between the parties, and the Trustee has agreed to turn over the proceeds of the escrow funds to the Debtors.

The second issue appears to be more of a "tempest in a teapot" than a legitimate issue. Looking at this exemption schedule, the phrase "any property selected by the debtors" still requires the Debtors to make a *selection* in the only way acceptable to the Courts, which is by an Amendment to Schedule C under Federal Rule of Bankruptcy Procedure 1009. Amendments are freely allowed. Federal Rule of Bankruptcy Procedure 1009(1), *In re Daly,* 344 B.R. 304, 310 (Bkrtcy.M.D.Pa. 2005), citing *Matter of Gershenbaum*, 598 F.2d 779 (3d Cir. 1979). If the Debtors wish to specifically claim an asset of the estate, the Debtors may file such an Amendment to Schedule C within the next 30 days or risk having the final report approved to their prejudice.

While not raised in the pleadings, the Debtors, at argument, have questioned the extent of the Trustee's compensation. The issue is rather difficult to articulate as passionately as Debtors' counsel has advanced. He is convinced that case law widely supports his position as follows: "Where a trustee undertakes to sell fully encumbered property or property with only a slight equity in it and there is no actual or constructive disbursement and [sic] the trustee cannot collect any compensation. In re B & L Enterprises, Inc., Bkrtcy.W.D.Ky. (1982), 26 B.R. 220." (Memorandum filed 4/30/2007 (Doc. #81).)

This does not comport with a reading of the applicable statute. Section 326(a) of the bankruptcy law indicates the trustee's maximum compensation is based on a percentage "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, *but including holders of secured claims*." Emphasis

ours.

In analyzing this section of the Code, it is important to note that this case was filed on October 14, 2005. This was three days before amendments to applicable sections were made by BAPCPA. 11 U.S.C.A. § 330(a)(3) was amended to indicate that factors weighed in determining the amount of reasonable compensation were to apply to a Chapter 11 Trustee, presumably excluding Chapter 7 Trustees. Moreover, a new provision set forth in § 330(a)(7) renames the Trustee's compensation under § 326 as a "commission."

Having noted that it is the pre-BAPCPA provisions which must govern the disposition of this matter, I turn my attention to § 330 of the Code which advises that, in determining the Trustee's compensation, I should examine various factors, including,

> the nature, the extent, and the value of such services, taking into account all relevant factors, including--
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C.A. § 330(a)(3)

The Trustee is seeking compensation of $5000. He has submitted time sheets showing 20.3 hours of time at an hourly rate of $200, totaling $4200. This is in addition

to an award heretofore allowed of $2500 as Counsel to the Trustee for 14.2 hours of legal time expended. I find the matters identified on those time sheets, as well as the time expended, to be within reasonable limits. The Trustee sold real estate scheduled by the Debtors at $126,000. That real estate was liquidated at $140,000. The HUD statement attached to the Trustee's Report of Sale, (Doc.#59), indicates that two mortgagees were paid a total of $83,299.36. The Debtors received $36,900 in full payment of their § 522(d)(1) exemption claim. The estate netted $12,529.

The controlling authority in this Circuit for matters dealing with the Trustee's compensation is *In re Lan Assocs. XI, L.P.*, 192 F.3d 109, 118 (3d Cir. 1999). *Lan* makes clear that the rates provided in § 326 are maximum rates which should not be reviewed until the § 330(a) analysis has been completed. *Id.* at 121.

While no specific testimony was offered at the time of the hearing, the parties have incorporated various aspects of the official court file by reference. The Trustee made clear that his principal task in administering the estate was the liquidation of Debtors' real estate. A realtor was retained, the property was liquidated, two mortgages were satisfied with the proceeds as well as the Debtors' residential exemption claim, and a fund was created for distribution for creditors. The Trustee sought $37.46 for expenses and $5,000 as his compensation. The Trustee, having been appointed as counsel for himself, has heretofore received an award of $2500. While the Debtors complained that the real estate may have been worth much more than the sales figure, their own schedule lists the property at $126,000. The Debtors further complain that they were willing to workout a payment schedule with the Trustee, but their earlier conversion into Chapter 13 was unsuccessful. Obviously, the Chapter 7 Trustee was not authorized to accept a long term

payment plan from the Debtors.

The Trustee's maximum fees, by statute, are calculated on gross disbursements to all creditors, including secured creditors. 11 U.S.C. A. § 326. Finally, the compensation requested by the Trustee is well within the maximum limits allowed by § 326. In short, the Trustee showed no deviation from his responsibilities and has worked a small but material benefit to the estate. I find no cause for the complaints registered by the Debtors and will approve the Trustee's Final Report, subject to the timely filing of an amended exemption schedule, as aforesaid.

My Order is attached.

Date: October 8, 2007

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*

[m:\users\cathy\opinions\5-05-bk-57807_Goucher.wpd]  5

Case 5:05-bk-57807-JJT   Doc 84   Filed 10/08/07   Entered 10/08/07 11:39:28   Desc
Main Document    Page 5 of 5